UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN,
SOUTHERN DIVISION

| | |
|---|---|
| LAWRENCE T. RYAN, D.D.S., P.C., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ORTHO ORGANIZERS, INC. d/b/a Henry Schein Orthodontics,<br><br>Defendant. | No. 19-cv-11981<br><br>CLASS ACTION |

## CLASS ACTION COMPLAINT

Plaintiff, Lawrence T. Ryan, D.D.S., P.C. ("Plaintiff") brings this action on behalf of itself and all other persons similarly situated and, except for those allegations pertaining to Plaintiff or its attorneys, which are based upon personal knowledge, alleges the following upon information and belief against defendant Ortho Organizer, Inc. d/b/a Henry Schein Orthodontics ("Defendant"):

## PRELIMINARY STATEMENT

1. Defendant sent advertisements by facsimile in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA").

2. Defendant sent Plaintiff at least two advertisements by facsimile and

in violation of the TCPA. <u>Exhibit A</u>. Plaintiff did not grant Defendant prior express invitation or permission to send any advertisement to Plaintiff by facsimile. Moreover, Defendant's faxes (Exhibit A) do not contain an opt-out notice, making any "established business relationship" irrelevant in this case.

3. Plaintiff brings this action against Defendant on behalf of a class of all persons or entities that Defendant sent one or more telephone facsimile messages ("faxes") promoting its property, goods, or services, seeking statutory damages for each violation of the TCPA, trebling of the statutory damages if the Court determines Defendant's violations were knowing or willful, injunctive relief, compensation and attorney fees (under the conversion count), and all other relief the Court deems appropriate under the circumstances.

4. Defendant's unsolicited faxes damaged Plaintiff and the other class members. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message. The recipient of a "junk" fax transmission loses the use of its fax machine, and many lose their paper and ink toner in printing the fax. Such an unsolicited fax interrupts the recipient's privacy. A junk fax wastes the recipient's valuable time that would have been spent on something else.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a Michigan professional corporation with its principal place

of business in Clawson, Michigan.

6. Defendant is a California corporation with its principal place of business in Carlsbad, California. Defendant was acquired by Henry Schein, Inc. in 2008, and in 2014 Defendant began to do business as Henry Schein Orthodontics.

7. Jurisdiction is proper under 28 U.S.C. § 1331 (general federal question) § 1337 and 47 U.S.C. § 227 (TCPA). Supplemental jurisdiction exists over the state common law conversion claim under 28 U.S.C. § 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## FACTS

9. Plaintiff is a medical provider of dental healthcare services.

10. Defendant is a for-profit provider of orthodontic and related healthcare services.

11. Plaintiff received at least two of Defendant's advertisements by facsimile, copies of which are attached as Exhibit A. These faxes include a 3-page fax Plaintiff received on or about December 14, 2017, and a purported 4-page fax Plaintiff received on or about January 30, 2017, but as to which Plaintiff only has the first two pages.

12. Each of the Exhibit A faxes contains Defendant's name, logo, phone number.

13. Each of the Exhibit A faxes offers deals on orthodontic or related

3

property, goods or services.

14. Neither <u>Exhibit A</u> fax includes the opt-out notice required by the TCPA.

15. On information and belief, Defendant sent advertisements by facsimile to Plaintiff and more than 39 other persons in violation of the TCPA.

16. Whether Defendant sent the faxes directly or with the assistance of a third party (yet unknown to Plaintiff), Defendant is directly liable for violating the TCPA.

17. Plaintiff and the other class members owe no obligation to protect their fax machines from Defendant. Their fax machines are ready to send and receive their urgent communications, or private communications about patients' medical needs, not to receive Defendant's unlawful advertisements.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of a class, initially defined as follows:

> All persons sent at least one telephone facsimile message (a "fax"): (1) on or after July 2, 2015; (2) from or on behalf of Defendant; (3) promoting Defendant's property, goods or services; (4) without the fax recipient's prior express invitation or permission; and (5) without the clear and conspicuous opt-out notice required by 47 C.F.R. § 64.1200 (a)(4)(iii)

Plaintiff anticipates modifying this proposed class definition—including proposing subclasses if appropriate—after discovery about the scope of Defendant's fax advertising practices as well as discovery as to any potential affirmative defenses Defendant may plead.

4

19.     Excluded from the class are Defendant, Defendant's officers, directors, legal representatives, heirs, successors, and assigns, any entity in which Defendant has a controlling interest, any parent, subsidiary or affiliated company of Defendant, and any Judge assigned to this action, including his or her immediate family.

20.     In this action, Plaintiff intends to discover, include, and resolve the merits of claims about all advertisements Defendant sent by fax. Exhibit B, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

21.     This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies Rule 23 (a)'s numerosity, commonality, typicality, and adequacy requirements. Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

22.     **Numerosity/impracticality of joinder.** On information and belief, the class consists of more than 39 persons and, thus, is so numerous that individual joinder of each member is impracticable. The precise number of class members is unknown to Plaintiff, but will be obtained from Defendant's records or the records of third parties.

23.     **Commonality and predominance.** There is a well-defined community of interest and common questions of law and fact that predominate over any questions

affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

    a.    Whether <u>Exhibit A</u> and other yet-to-be-discovered facsimiles sent by or on behalf of Defendant advertised the commercial availability or quality of any property, goods or services;

    b.    Whether Defendant was the sender of advertisements by facsimile promoting the commercial availability or quality of any property, goods, or services;

    c.    The manner and method used to compile or obtain the list(s) of fax numbers to which Defendant sent fax advertisements;

    d.    Whether the Court should award statutory damages to Plaintiff and the other class members;

    e.    If the Court finds that Defendant willfully or knowingly violated the TCPA, whether the Court should exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than three times the amount;

    f.    Whether the Court should enjoin Defendant from faxing advertisements in the future; and

    g.    Whether Defendant's conduct as alleged herein constituted conversion.

24. **Typicality of claims.** Plaintiff's claims are typical of the claims of the other class members, because Plaintiff and all class members were injured by the same wrongful practices. Plaintiff and the members of the class were sent Defendant's advertisements by facsimile and those advertisements did not contain the opt-out notice required by the TCPA. Under the facts of this case, because the focus is upon Defendant's conduct, if Plaintiff prevails on its claims, then the other putative class members will prevail as well.

25. **Adequacy of representation.** Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class it seeks to represent. Plaintiff has retained undersigned counsel, who are competent and experienced in complex class action litigation, and in TCPA litigation in particular, and Plaintiff intends to vigorously prosecute this action. Plaintiff and its counsel will fairly and adequately protect the interest of members of the class.

26. **Prosecution of separate claims would yield inconsistent results.** Even though the questions of fact and law in this action are predominantly common to Plaintiff and the putative class members, separate adjudication of each class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendant to operate under if/when class members bring additional lawsuits concerning the same unsolicited fax advertisements or if Defendant chooses to advertise by fax again in the future.

27. **A class action is the superior method of adjudicating the common**

questions of law or fact that predominate over individual questions. A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

28. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

29. Plaintiff brings Count I on behalf of itself and a class of similarly situated persons against Defendant.

30. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

31. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or

8

permission." 47 U.S.C. § 227 (a) (4).

32. The <u>Exhibit A</u> faxes promoted the commercial availability and quality of Defendant's property, goods or services.

33. The TCPA provides a private right of action as follows:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227 (b) (3).

34. The Court, in its discretion, may treble the statutory damages if it determines that a violation was knowing or willful. 47 U.S.C. § 227 (b) (3).

35. The TCPA requires that every advertisement sent by facsimile because of an "established business relationship" must include an opt-out notice clearly and conspicuously displayed on the bottom of its first page.

36. Here, Defendant violated 47 U.S.C. § 227 (b) (1) (C) by sending advertisements by facsimile (such as <u>Exhibit A</u>) to Plaintiff and the other class members without their prior express invitation or permission.

37. Defendant violated 47 U.S.C. § 227 (b) (2) (D) and (E) because the faxes do not contain a compliant opt out notice. <u>Exhibit A</u>.

38. Facsimile advertising imposes burdens on recipients that are distinct from the burdens imposed by other types of advertising. The required opt-out notice provides recipients the necessary information to opt-out of future fax transmissions, including a notice that the sender's failure to comply with the opt-out request will be unlawful.

39. Exhibit A does not state that Defendant's failure to comply with an opt-out request within 30 days is unlawful.

40. Exhibit A does not inform the recipient that he/she/it has a legal right to request that Defendant not send any future advertisement by fax.

41. Exhibit A does not inform the recipient that the opt-out request will be valid only unless and until the person making the request subsequently provides express invitation or permission to the sender, in writing or otherwise, to send such advertisement to such person at such telephone facsimile machine.

42. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if Defendant's actions were negligent. 47 U.S.C. § 227 (b) (3).

43. Even if Defendant did not intend to injure Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste their valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

44. If Defendant's actions were knowing or willful, then the Court has the discretion to increase the statutory damages up to three times the amount. 47

U.S.C. § 227 (b) (3).

45.     Defendant is liable for the fax advertisements at issue because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, or the faxes were sent on their behalf.

46.     Defendant's actions damaged Plaintiff and the other class members. Receiving Defendant's junk faxes caused recipients like Plaintiff to lose paper and toner consumed in the printing of Defendant's faxes. Defendant used the fax machines of Plaintiff and the other class members. The subject faxes wasted Plaintiff's valuable time; time that otherwise would have been spent on Plaintiff's business activities. Defendant's faxes unlawfully interrupted Plaintiff and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of unlawful fax advertisements occurred outside Defendant's premises.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in statutory damages for each of Defendant's violations of the TCPA;

C.     That, if it finds Defendant willfully or knowingly violated the TCPA, the Court exercise its discretion to increase the amount of the statutory damages

11

award to an amount equal to not more than 3 times the amount (Plaintiff requests trebling);

D.   That the Court enter an injunction prohibiting Defendant from violating the TCPA; and

E.   That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

47.   Plaintiff incorporates by reference all paragraphs preceding Count I as though fully set forth herein.

48.   Plaintiff brings Count II on behalf of itself and a class of similarly situated persons and against Defendant.

49.   By sending advertisements to their fax machines, Defendant improperly and unlawfully converted the class's fax machines to Defendant's own use. Defendant converted Plaintiff's time to Defendant's own use, as it did with the valuable time of the other class members. Where printed (as in Plaintiff's case), Defendant improperly and unlawfully converted the class members' paper and toner to Defendant's use.

50.   Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members each owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

51.   By sending them unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time

to their own use. Such misappropriation was wrongful and without authorization.

52.     Defendant knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

53.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

54.     Defendant's unsolicited faxes effectively stole Plaintiff's employee work time by forcing somebody to receive, review, and route Defendant's illegal faxes. Defendant knew or should have known employee time is valuable to Plaintiff, as it is to the other class members.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award punitive damages;

D.     That the Court award attorney's fees;

E.     That the Court award costs of suit; and

F.     That the Court award such further relief as it may deem just and proper under the circumstances.

July 2, 2019

Respectfully submitted,

LAWRENCE T. RYAN, D.D.S., P.C.,
individually and as the representative of
a class of similarly-situated persons

By: /s/ Phillip A. Bock
One of its attorneys

Phillip A. Bock
Robert M. Hatch (MI Bar No. P46566)
Tod A. Lewis
David M. Oppenheim
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Tel: (312) 658-5500
service@classlawyers.com